J-S25028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN RIVERA | : | |
| | : | |
| Appellant | : | No. 2877 EDA 2023 |

Appeal from the PCRA Order Entered April 20, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000691-2006

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED NOVEMBER 25, 2024**

Ivan Rivera appeals *pro se* from the order dismissing his petition that sought relief cognizable under the Post Conviction Relief Act ("PCRA"). The court treated the petition as a PCRA petition and dismissed it as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> On June 1, 2006, [Rivera] entered an open guilty plea to rape and related offenses. The court sentenced [Rivera] on September 28, 2006, to an aggregate term of 40 to 80 years' imprisonment. Specifically, the court imposed four consecutive 10 to 20 year sentences for [Rivera's] convictions for rape, kidnapping, involuntary deviate sexual intercourse ("IDSI"), and robbery. On Tuesday, October 10, 2006, [Rivera] timely filed a post-sentence motion (the day after the Columbus Day court holiday). The court denied the motion on October 19, 2006. [Rivera] did not file a direct appeal.

*Commonwealth v. Rivera*, No. 1576 EDA 2021, 2022 WL 951234, at *1 (Pa.Super. 2022) (unpublished mem.).

On March 29, 2023, Rivera filed the instant *pro se* petition, styled as a Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution. He claimed that his sentence was illegal due to insufficient evidence to support his convictions for rape and IDSI. Rivera also acknowledged that he was "time barred under Pennsylvania State law, and not only time barred, but the PCRA Court under state law has no jurisdiction to intervene in this case." Petition for *Habeas Corpus* Relief, filed 3/29/23, at ¶ 9. The PCRA court treated the filing as a PCRA petition. It issued notice of its intent to dismiss the petition, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Pa.R.Crim.P. 907(1). Rivera filed a *pro se* response. The PCRA court dismissed the petition as untimely and this timely appeal followed.

Rivera raises the following issue:

> Whether the [t]rial [c]ourt abused its discretion in dismissing [Rivera's] Petition for *Habeas Corpus* Relief alleging he is illegally confined on the basis of a conviction that violates due process in that there was insufficient evidence rendering him actually innocent and the Supremacy Clause of the U.S. Constitution does not permit him to be time barred[?]

Rivera's Br. at 3 (suggested answer omitted).

When reviewing the denial of relief under the PCRA we determine "whether the PCRA court's ruling is supported by the record and free of legal

error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not address the merits of Rivera's claim because his petition is untimely. The PCRA court correctly treated Rivera's petition as a PCRA petition. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013). Furthermore, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies, . . . including *habeas corpus*[.]" 42 Pa.C.S.A. § 9542. Therefore, the PCRA court did not err in treating Rivera's filing as a PCRA petition.

The PCRA court also properly found the petition fell outside the PCRA's time limit. Any petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Otherwise, the petitioner must plead and prove at least one time-bar exception. These exceptions include governmental interference in raising the claim, newly discovered facts that could not have been discovered with due diligence, and a newly recognized constitutional right that has been recognized to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner claiming one of these exceptions must file a petition "within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2). The PCRA's time-bar is jurisdictional. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Rivera filed his petition on March 29, 2023. His judgment of sentence became final on November 20, 2006, when his time to appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Since he filed the instant petition more than 10 years after his judgment of sentence became final, it is facially untimely. Therefore, he bore the burden of pleading and proving at least one of the time-bar exceptions. While Rivera acknowledged that his petition was time-barred under the PCRA, he did not raise any time-bar exception. Consequently, the PCRA court was without jurisdiction and did not err in dismissing Rivera's untimely petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024